RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Valentin Rosendo Ramirez, Bautista Juarez Reynaldo, :
Ricardo Placido                                     :
                                                    :          **COMPLAINT**
                                     Plaintiffs,    :          **19-CV-9940**
                                                    :
                 -against-                          :
                                                    :
Sacrop Restaurant Corp. d/b/a Taqueria Y Fonda,     :
Umberto Tito, as an individual,                     :
Jorge Lopez Guerrero, as an individual              :
                                                    :
                                     Defendants.    :
------------------------------------------------------------------------X

Plaintiffs Valentin Rosendo Ramirez, Bautista Juarez Reynaldo, and Ricardo Placido ("plaintiffs"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, SACROP RESTAURANT CORP. d/b/a Taqueria Y Fonda, ("SACROP") Umberto Tito, as an individual, and Jorge Lopez Guerrero, as an individual, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the

New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiffs.

2. Defendants deprived plaintiffs of the protections of the FLSA and NYLL by failing to pay minimum wage and/or overtime pay.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the corporate defendants are located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff Valentin Rosendo Ramirez ("Ramirez") as a Delivery person/Line Cook from on or about June 2005 to present.

8. Ramirez' duties were to make regular food deliveries, serve as a line cook, and accept payment from customers.

9. Defendants employed Ramirez approximately 6 days per week for

approximately 48 hours per week.

10. Defendants had 11 or more employees in 2018 and 2019.

11. Defendants paid Ramirez $12.00 per hour in 2018 for straight time and $18.00 per hour for overtime, while the applicable minimum wage was $13.00 per straight time and $19.50 for overtime.

12. Defendants paid Ramirez f $13.50 per hour for straight time and $20.25 per hour for overtime in 2019, while the applicable minimum wage was $15.00 per hour for straight time and $22.50 per hour for overtime.

13. Defendants employed plaintiff Bautista Juarez Reynaldo ("Reynaldo") as a Delivery Preparer and Dishwasher from on or about May 2007 to present.

14. Reynaldo's duties were to prepare food for delivery, load and unpack dishware from dishwasher, and accept payment from customers.

15. Defendants employed Reynaldo for 48 hours per week, 6 days per week.

16. Reynaldo was not a full-time delivery worker and had duties unrelated to customer service, as set forth above, and therefore Defendants were not entitled to the tip credit for his services.

17. Defendants paid plaintiff from $8.00 per hour in 2018 for straight time work and $14.00 per hour for overtime work, while the applicable minimum wage was $13.00 per straight time and $19.50 for overtime, and the applicable tip-credited minimum wage was $8.65 per hour and the applicable tip-credited overtime wage was $15.15 per hour.

18. Defendants paid plaintiff from $9.00 per hour in 2019 for straight time work and $15.75 per hour for overtime work, while the applicable minimum wage was $15.00 per straight time and $22.50 for overtime, and the applicable tip-credited minimum wage was $10.00 per hour and the applicable tip-credited overtime wage was $17.50 per hour

19. Defendants employed plaintiff Ricardo Placido ("Placido") as a Food Preparer from on or about April 2014 to present.

20. Placido's duties were to prepare food, chop and cook food, clean counters, make deliveries, and accept payment from customers.

21. Defendants employed Placido from 48 hours per week, for 6 days of work per week.

22. Defendants paid Placido $12.00 per hour in 2018 for straight time and $18.00 per hour for overtime, while the applicable minimum wage was $13.00 per straight time and $19.50 for overtime.

23. Defendants paid Placido $13.50 per hour for straight time and $20.25 per hour for overtime in 2019, while the applicable minimum wage was $15.00 per hour for straight time and $22.50 per hour for overtime.

24. Plaintiffs were not permitted an uninterrupted half hour for required meal breaks.

25. Defendants never provided Plaintiff Reynaldo with valid tip-credit notices.

26. Plaintiffs were each an "employee" of defendants within the meaning of the FLSA and the NYLL.

27. At all times relevant to this action, plaintiffs were individually engaged in commerce or in the production of goods for commerce on behalf of defendants. Specifically, plaintiffs were involved in the sale and shipment of goods that were shipped from other States, including tacos, enchiladas, lettuce, and beverages, and Plaintiffs processed credit card transactions.

**Defendants**

28. Defendant SACROP is a New York corporation with its principal executive office located at 968 Amsterdam Avenue, New York, New York, in the Southern District of New York.

29. Defendant SACROP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.  Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including tacos, enchiladas, meat products, dry goods, and beverages, and (2) an annual gross volume of sales in excess of $500,000.

30. Defendant SACROP, is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiffs.

31. At all relevant times, Defendant SACROP has maintained control, oversight, and direction over plaintiffs.

32. Defendant Umberto Tito is an owner and/or officer of Defendant SACROP.  He exercises sufficient control over the corporation's operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work,

supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

33. Defendant Jorge Lopez Guerrero is an owner and/or officer of Taqueria Y Fonda. He exercises sufficient control over the corporation's operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

34. Defendant Jorge Lopez Guerrero is an owner and/or officer of Defendant Sacrop. He exercises sufficient control over the corporation's operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

35. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

36. Defendants are covered by the Hospitality wage order.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

37. Defendants suffered or permitted plaintiffs to work and did not compensate plaintiffs at the minimum wage required under New York State Law.

### DEFENDANTS' FAILURE TO PAY OVERTIME PAY

38. Defendants suffered or permitted plaintiffs to work over 40 hours per week.

During regular workweeks, Defendants did not compensate plaintiffs for premium overtime pay at time and one-half the full wage rate for the overtime hours worked.

## SPREAD OF HOURS PAY

39. Under New York State law, the "spread of hours" is the number of hours from the time that an employee starts working on a particular day until the time that the employee ceases work for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee's spread of hours (regardless of the hours actually worked) is ten (10) hours or more.

40. Plaintiffs' spread of hours were ten hours or more several days per week.

41. Defendants never paid any spread of hours pay for days in which the spread of hours was ten (10) hours per day, or more.

42. Defendants knowingly and willfully failed to pay Plaintiffs any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

43. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

44. Defendants failed to furnish plaintiffs with wage notices as required by § 195(1) of the Labor Law.

45. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

46. Defendants also failed to furnish plaintiffs with accurate statements of wages, as required by § 195(3) of the Labor Law.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

47. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

48. At all times relevant, plaintiffs were each an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

49. At all times relevant, defendants have been employers of plaintiffs, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

50. Defendants have failed to pay plaintiffs minimum wages to which they are entitled under the FLSA.

51. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

52.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

53.  Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

54.  As a result of defendants' willful violations of the FLSA, plaintiffs have suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wages)

55.  Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

56.  Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

57.  At all times relevant, plaintiffs have each been an employee of defendants, and defendants have been employers of plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

58.  Defendants have failed to pay plaintiffs the minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

59. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (FLSA – Overtime)

61. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs

62. Defendants have failed to pay plaintiffs premium overtime wages to which they are entitled under the FLSA at the rate of time and one-half for all hours worked in excess of 40 hours per week.

63. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

64. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

65. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

66. As a result of defendants' willful violations of the FLSA, plaintiffs have suffered damages by being premium overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### FOURTH CAUSE OF ACTION
### (NYLL – Overtime)

67. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

68. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

69. Defendants have failed to pay plaintiffs premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations at the rate of time and one half for all hours worked in excess of 40 hours per week.

70. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover from defendants unpaid overtime wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment

interest.

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

72. Plaintiffs reallege and incorporate by reference, all allegations in all preceding paragraphs.

73. Defendants have willfully failed to supply plaintiffs with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

74. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

75. Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Statements)**

76. Defendants have willfully failed to supply plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

77. Through their knowing or intentional failure to provide plaintiffs with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**SEVENTH CAUSE OF ACTION**
**(NYLL – Spread of Hours Pay)**

79. Plaintiffs reallege, and incorporate by reference, all allegations in all preceding paragraphs.

80. Defendants regularly and knowingly required plaintiffs to be at work for a

spread of hours equal to, or greater than, ten (10) hours per day.

81. Defendants knowingly, willfully, and intentionally failed to pay Plaintiffs one extra hour's pay at the basic minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

82. Because of Defendants' willful violation of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

83. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage, overtime pay provisions of the NYLL, and supporting regulations;

c. declaring that defendants have violated the Wage Theft Prevent Act;

d. declaring that defendants have violated the Spread of Hours law;

  e. declaring that defendants' violations of the FLSA were willful;

  f. declaring that defendants' violations of the NYLL were willful;

  g. awarding plaintiff damages for all unpaid wages;

  h. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  i. awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  j. awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

  k. issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

  l. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

  m. granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

  n. awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL;

  o. awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         October 28, 2019

                              RAYMOND NARDO, P.C.

                         By:  _____
                              RAYMOND NARDO, ESQ.
                              129 Third St
                              Mineola, NY 11501
                              (516) 248-2121
                              raymondnardo@gmail.com
                              *Counsel for Plaintiffs*