UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALENTIN ROSENDO RAMIREZ et al.,

Plaintiffs,

v.

SACROP RESTAURANT CORP. *doing business as* TAQUERIA Y FONDA et al.,

Defendants.

No. 19-CV-9940 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Valentin Rosendo Ramirez, Bautista Juarez Reynaldo, and Ricardo Placido bring this action against their former employers, Sacrop Restaurant Corp. d/b/a Taqueria Y Fonda, Umberto Tito, and Jorge Lopez Guerrero for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Wage Theft Prevention Act ("WTPA"). *See* Dkt. 1. Before the Court is the parties' application for approval of a settlement agreement (the "Settlement Agreement"). *See* Dkt. 21-1.

The Court, having reviewed the parties' proposed Settlement Agreement and fairness letter, finds that the settlement is fair and reasonable. The proposed Settlement Agreement is the product of "arms-length" discussions "between experienced counsel." Dkt. 21 ("Fairness Letter") at 1. Under the proposed Settlement Agreement, Defendants agree to pay Plaintiffs a total sum of $50,000, which includes $13,332 in attorneys' fees and costs. *See* Fairness Letter at 2-3; Settlement Agreement ¶ 1. After attorneys' fees and costs are subtracted, Plaintiffs will receive a total of $36,668. Plaintiffs estimate that, were they to recover their full actual damages, they would receive a total of approximately $36,028 for unpaid wages. *See* Fairness Letter at 2. Excluding any liquidated damages or WTPA damages, this means that the proposed amount that

Plaintiffs would receive under the Settlement Agreement represents approximately 102% of Plaintiffs' total unpaid wages calculation.

The settlement amount is fair and reasonable. Although the recovery amount appears to fall short of the maximum amount that Plaintiffs might have recovered at trial—i.e., when considering both actual and liquidated damages—it is significant as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). In particular, Plaintiffs' calculations for actual damages are "based on an optimistic, best-case scenario outcome," but there are nonetheless "disputed issues of fact" and Plaintiffs might be entitled to lower damages, including "no award of liquidated damages," if Defendants prevail at trial. *See* Fairness Letter at 2. For these reasons, and based on the totality of the circumstances, the Court accepts the parties' settlement amount.

The Court also approves the attorneys' fees set forth in the Fairness Letter. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229-30 (S.D.N.Y. Dec. 8, 2016). Here, the attorneys' fees amount is approximately 25% of the $50,000 settlement amount after costs. *See* Fairness Letter at 3. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee award is therefore reasonable.

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that

have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-05123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)). The release provision at issue here is more limited than those routinely rejected. Pursuant to the proposed Settlement Agreement, Plaintiffs are only releasing Defendants from claims "raised in the Lawsuit, including those arising under the [FLSA] and/or the [NYLL]" and those that Plaintiffs "could have asserted against Defendants under the [FLSA] and the [NYLL]." *See* Settlement Agreement ¶ 3. Thus, the Court finds that the release in the proposed Settlement Agreement is fair and reasonable.

Finally, courts must carefully review any confidentiality and non-disparagement provisions in FLSA settlements. *See Lopez*, 96 F. Supp. 3d at 177-78. Although not all non-disparagement clauses are per se objectionable, if the provision "would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the statute." *Id.* at 180 n.65. The non-disparagement provision at issue here includes a carve-out for "truthful statements about the employment relationship." *See* Settlement Agreement ¶ 4. The Court finds that the non-disparagement provision in the proposed Settlement Agreement is therefore fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 20, 2020
New York, New York

Ronnie Abrams
United States District Judge